UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDRE DAVIS, | ) | 1:03-CV-6484 LJO HC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER SCHEDULING TELEPHONIC |
| v. | ) | HEARING |
| | ) | |
| CHARLES T. RANSDELL, Warden, | ) | Date:  February 27, 2006 |
| | ) | Time:  8:45 a.m. |
| Respondent. | ) | Dept:  8 (LJO) |
| | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented in this action by Michael J. Fitzpatrick, Esq. Respondent is represented in this action by Deputy Attorney General Julie A. Hokans, Esq. The parties having voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), by order dated April 5, 2004, this case was assigned to the Magistrate Judge for all purposes, including entry of final judgment.

On October 24, 2003, Petitioner filed a federal habeas petition in this Court. Respondent filed an answer on May 3, 2004. On June 1, 2004, Petitioner filed his traverse.

The petition presents one ground for relief: Petitioner claims he received ineffective

1  assistance of counsel when defense counsel Dennis Doherty failed to call witness Gabriel Ayala for
2  the defense. Gabriel Ayala was a corrections officer at the prison during the relevant time period.
3  According to his sworn declaration, <u>see</u> Exhibit 1, Traverse, Ayala was present during a conversation
4  between Petitioner and Officer W., one of the victims in this case, which occurred several months
5  after the incident but before the victim actually reported the incident to authorities.  According to
6  Ayala, Officer W. instigated a conversation with Petitioner in which Officer W. and Petitioner
7  appeared to be "happy and laughing and joking with each other." Ayala stated that Officer W.
8  "exhibited no fear of [Petitioner] nor did she exhibit any hostility or antagonism toward him by
9  either her words or actions." Ayala stated that he had been subpoenaed but was never called to
10 testify. He also stated that no lawyer or investigator representing Petitioner contacted him until after
11 the trial.

12    Petitioner argues that Ayala's testimony was critical because it contradicted Officer W.'s
13 testimony that she was afraid of Petitioner. Petitioner contends Ayala's testimony would have "cast
14 enormous doubt on [Officer W.'s] credibility and on whether the attacks happened."

15    In an affidavit submitted to the 5th DCA, defense counsel explained that he decided not to call
16 Ayala because he considered Ayala's testimony to be cumulative, since it was undisputed that the
17 victim "did not make any outcries until months later." <u>See</u> Exhibit 2, Traverse. In addition, counsel
18 stated that Petitioner did not object at any time "before or during trial that [counsel] was not calling
19 some witness who he wanted [him] to call." <u>Id</u>. However, defense counsel does not speak to the
20 points raised by Petitioner, to wit, to what degree if any he considered Ayala's potential testimony in
21 seeking to challenge the victim's credibility. Defense counsel also stated that he "believed there was
22 some damaging area for cross-examination of Mr. Ayala by the prosecutor, in some interview of
23 him, but I am not sure of this because I gave all of my documents in this case to the petitioner." <u>Id</u>.
24 However, Ayala's declaration contradicts this last assertion by counsel, and Petitioner contends he
25 has nothing in his case file that would corroborate counsel's assertion.

26    On the basis of good cause, the Court finds it necessary to order an evidentiary hearing in this
27 matter. See Rule 8(a) of the Rules Governing Section 2254 Cases; <u>Townsend v. Sain</u>, 372 U.S. 293,
28 313, 318 (1963).

1  Accordingly, the Court:

2  1. ORDERS the parties to appear for a hearing **on February 27, 2006, at 8:45 a.m.**, to meet
3  and confer for scheduling of the evidentiary hearing; and

4  2. DIRECTS the parties to appear by telephone by arranging a one line conference call and
5  telephoning the Court at (559) 499-5680.

6  IT IS SO ORDERED.

7  **Dated:     February 7, 2006**              /s/ Lawrence J. O'Neill
   b9ed48                                      UNITED STATES MAGISTRATE JUDGE